Calvin C. LOGAN; David Johnson; Andre Martin, others similarly situated, Appellants

v.

F. Emmett FITZPATRICK; Lynne Abraham; Philadelphia District Attorney's Office; Robert P. Kane; Thomas W. Corbett, Jr.; Pennsylvania Attorney General's Office.

No. 07–3928.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Due to a Jurisdictional Defect or

Pursuant to 28 U.S.C. § 1915(e)(2)(B) June 2, 2008.

Filed: July 8, 2008.

---

4. Johnson's motion to expedite the appeal is denied.

858

Calvin C. Logan, Graterford, PA, pro se.

David Johnson, Graterford, PA, pro se.

Andre Martin, Graterford, PA, pro se.

Karen A. Brancheau Jordan, Office of District Attorney, Claudia M. Tesoro, Office of Attorney General of Pennsylvania, Philadelphia, PA, for Appellees.

Before: AMBRO, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Calvin Logan, David Johnson, and Andre Martin appeal the District Court's orders granting appellees' motions to dismiss and denying appellants' motion for reconsideration. We will dismiss the appeal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

The procedural history of this case and the details of appellants' claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, the appellants, who are serving life sentences, filed a civil complaint alleging that their rights to fair trials were violated when they were tried and sentenced under Pennsylvania's death penalty statute. The District Court granted appellees' motion to dismiss on May 3, 2007. Appellants filed a timely motion for reconsideration which the District Court denied on June 20th. On September 28, 2007, appellants filed a notice of appeal which include a motion for relief. We remanded the matter to the District Court to construe the motion as one to reopen the time to appeal under Fed. R.App. P. 4(a)(6). On May 22, 2008, the District Court granted the Rule 4(a)(6) motion.

Because the District Court reopened the time to appeal, appellants' notice of appeal is timely, and we have jurisdiction under 28 U.S.C. § 1291. Because appellants are proceeding *in forma pauperis* on this appeal, we must analyze their appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. *Neitzke. v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

We agree with the District Court that appellants cannot challenge their convictions through a civil complaint and instead must proceed under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). For essentially the reasons given by the District Court, we will dismiss the appeal as legally frivolous. Appellants' motion to expand the record is denied.